Case 11-62167   Doc 18   Page 1 of 3

FILED
November 11, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003895503

3

T. SCOTT BELDEN, CSB NO. 184387
JACOB L. EATON, CSB NO. 244834
KLEIN, DENATALE, GOLDNER,
 COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
E-Mail: sbelden@kleinlaw.com; jeaton@kleinlaw.com

Proposed Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 11-62167-B-11 |
| STOCKDALE TOWER 1, LLC, | Chapter 11 |
| Debtor. | DC No. KDG-1 |
| | Emergency Hearing Date: November 16, 2011<br>Emergency Hearing Time: 9:00 a.m.<br>Final Hearing Date: To be determined<br>Final Hearing Time: To be determined<br>Place: U.S. Bankruptcy Court<br>2500 Tulare Street, Dept. B<br>Courtroom 12, Fifth Floor<br>Fresno, California<br>Judge: Honorable W. Richard Lee |

**DECLARATION OF TERRY MORELAND IN SUPPORT
OF EMERGENCY MOTION FOR ORDER AUTHORIZING USE OF CASH
COLLATERAL IN ORDINARY COURSE OF BUSINESS**

I, Terry Moreland, declare as follows:

　　1.　　I am a member of STOCKDALE TOWER 1, LLC ("Debtor"). I am over the age of eighteen years. I make this declaration in support of the *Emergency Motion for Order Authorizing Use of Cash Collateral in Ordinary Course of Business*.

**I.    Background of Debtor and events leading up to filing Chapter 11**

　　2.　　Debtor filed a Voluntary Petition Under Chapter 11 of the Bankruptcy Code on November 7, 2011.

3. Debtor's primary source of income is generated by rental income from a 12-story office building located at 5060 California Avenue, Bakersfield, California ("the Tower").

4. Debtor has owned and operated the Tower since 2002. Debtor was forced to default on its loan payment to LNR Partners, LLC when several tenants of the Tower vacated their office space in the Tower and as a result of the poor economy. Debtor filed its Chapter 11 case to stop a foreclosure sale of the Tower that was set for November 8, 2011 and to reorganize its business and financial affairs. Debtor intends to restructure its debts and repay creditors through its Chapter 11 case.

## II. Liens against the Property

5. The Tower is impaired by a first deed of trust and assignment of rents dated August 3, 2004, held by LBUS 2004-C6 Stockdale Office Limited Partnership ("LBUS"), as successor to UBS Real Estate Investments, Inc. On the petition date, the indebtedness to LBUS was alleged to be about $29 million by LBUS.

6. The Tower may be impaired by a second deed of trust dated April 13, 2009, held by Randy and Mary Molina.

7. The Tower is impaired by a Notice of Non-Payment of Common Area Maintenance Expenses filed by Ashoka Malladi Reddy. However, Debtor does not believe that his notice of non-payment creates a lien against Debtor's cash collateral.

## III. Debtor's Need for Use of Asserted Cash Collateral.

8. Debtor requires the use of (a) cash on hand and (b) the rents it receives from the Tower (collectively "the Future Rents"), beginning on November 7, 2011. Debtor requires the use of the Future Rents to pay expenses associated with the Property. Debtor has no ready source of cash at this time to pay its on-going business expenses except for the Future Rents. Thus, I believe that Debtor's use of the Future Rents is critical to Debtor's continued operation of the Property while it reorganizes and formulates a Plan of Reorganization.

9. I believe the Tower is worth about $18,000,000.00. I am informed and believe that the claim held by LBUS secured by the first deed of trust against the Tower is alleged to be about $29,000,000.00 on the petition date by LBUS. This is subject to ongoing review and

may be revised in light of recent property value fluctuations. I believe, however, that LBUS's interest will be adequately protected during the period of emergency use of cash collateral by virtue of the fact that the Future Rents will be used to maintain the Tower.

10. Nevertheless, Debtor may be prepared to offer adequate protection to LBUS following November 2011. I believe that Debtor will be able to generate a profit that can be used to fund a Plan of Reorganization if it is able to (a) use the Future Rents and (b) continue operating the Property in the ordinary course of business.

11. Weekly Budgets for the period November 7, 2011 through December 4, 2011, describing Debtor's income and expenses that must be paid is attached as Exhibit "A" to the Exhibits ("the Budgets").

12. I anticipate the rents received from the Tower will total approximately $168,391.00 for the period from November 7, 2011 through December 4, 2011. Debtor seeks to use the rents received from the Tower during this period to meet critical expenses. This includes necessary expenses to insure, maintain, and care for the Tower for that period.

13. The expenses identified in the Budgets are required to be paid during the referenced timeframes to avoid irreparable harm to the Debtor and the estate. Insurance, utilities, and the other payments listed are critical to Debtor's operation of the Property.

14. The foregoing statements are within my personal knowledge and I can testify competently thereto if called as a witness.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: November 10, 2011

_Terry Moreland_
TERRY MORELAND

ORIGINAL